
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELOISA MARIA HERNANDEZ, | No. 16-15570 |
| Petitioner - Appellant, | D.C. No. 2:14-cv-00807-DJH |
| v. | |
| L. FRANCIS CISSNA, Director of U.S. Citizenship and Immigration Services; et al., | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted December 5, 2017[**]
San Francisco, California

Before: GRABER and N.R. SMITH, Circuit Judges, and ROSENTHAL,[***] Chief District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

Eloisa Maria Hernandez appeals the district court's order denying her summary judgment motion and granting the government's cross-motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in determining that clear and convincing evidence proved that Hernandez's certificate of citizenship had been issued in error. *Mondaca-Vega v. Lynch*, 808 F.3d 413, 419–22 (9th Cir. 2015) (en banc), *cert. denied*, 137 S. Ct. 36 (2016); *Lee Hon Lung v. Dulles*, 261 F.2d 719, 724 (9th Cir. 1958). Reviewing the record *de novo*, *Berezovsky v. Moniz*, 869 F.3d 923, 927 (9th Cir. 2017), there is no genuine factual dispute material to determining that Socorro Maldonado Alcaraz, a Mexican citizen, and not Bertha Hernandez Flores, a United States citizen, was Hernandez's birth mother. The district court properly granted the government's summary judgment motion on the ground that Hernandez was ineligible for derivative citizenship under 8 U.S.C. § 1409(c).

Three documents clearly and convincingly show that Flores was Hernandez's adoptive mother. The first is a Notice of Hearing for Petition for (1) Termination of Parent-Child Relationship and (2) Adoption, entered by the Arizona Superior Court in 1983. The Notice states that Hernandez's natural mother was Alcaraz and that Flores wanted to adopt Hernandez. The second document is an Order of Adoption entered by the Arizona court. The court granted

2

the adoption, creating a "relationship of natural parent(s) and child(ren)" between Flores and Hernandez. The third document is a Form I-130, a Petition for Alien Relative, in which Flores answered "yes" when asked whether she and Hernandez were related by adoption. Hernandez's deposition testimony that Flores told her, "I adopted you," is consistent with these documents.

2. Other evidence in the record is not to the contrary. Hernandez's Mexican birth certificate, which we assume is authentic, states that Flores is Hernandez's "mother," but it does not specify whether Flores was Hernandez's birth mother or adoptive mother. The birth certificate was issued at Flores's request in 1980, three years after Hernandez was born.

The district court's grant of summary judgment does not depend on determining that Hernandez or her half-brother, who also testified, lacked credibility. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 329–30 (9th Cir. 2017) (internal quotation marks omitted). The testimony on which Hernandez relies expresses subjective belief and therefore is of scant probative value. *Id.*

**AFFIRMED**.

3